# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:08CV24

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| PHILLIP MASSEY, and wife, ) | |
| DEBRA MASSEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| BILLY L. CLONTZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's notice of removal and motion to quash subpoena and order compelling testimony. **Corrected Notice of Removal, filed September 17, 2008; Motion to Quash Subpoena and Order Compelling Testimony, filed September 17, 2008.** For the reasons stated below, the Government's motion is denied as moot and this action is dismissed.


## I. FACTUAL AND PROCEDURAL HISTORY

These proceedings have their origin in a civil action currently pending in Cherokee County Superior Court, *Massey v. Clonts*, File No. 06CVS665. **Letter from Eric W. Stiles dated July 17, 2008, *attached to* Notice of Removal, *supra*.** The civil action involves a dispute over a private road easement issued by the United States Forest Service. *Id.* Pursuant to the state court proceedings, Plaintiffs' counsel subpoenaed Forest Service employee Doris Doster. *Id.*; *see also* **Subpoena dated July 17, 2008, *attached to* Notice of Removal, *supra*.**

In response to the subpoena, the General Counsel's office for the United States Department of Agriculture (USDA) contacted Plaintiffs' counsel and explained that (1) the USDA did not consent to Ms. Doster's deposition and (2) federal regulations[1] prevented her from being deposed without her employer's consent. **Letter from Matthew A. Tilden, dated August 21, 2008, *attached to* Notice of Removal, *supra*.**

---

[1] The regulations governing appearances by USDA employees as witnesses are located at 7 C.F.R. §§ 1.210-1.219. Essentially, unless the United States is a party, the regulations prohibit the appearance of USDA employees in judicial or administrative proceedings if USDA has not previously determined that such an appearance is in the USDA's interest. **7 C.F.R. § 1.214(b)(1).**

According to the Government, upon receipt of this information, Plaintiff's counsel stated to the USDA General Counsel that he would provide the USDA with further information regarding the need for Ms. Doster's testimony. **Motion to Quash Subpoena,** *supra*, **at 2.** Rather than doing so, Plaintiffs' counsel instead obtained an order from the Cherokee County Superior Court compelling Ms. Doster to testify.[2] **Order dated August 31, 2008,** *attached to* **Notice of Removal,** *supra*.

Plaintiffs' counsel then sent a letter to Ms. Doster enclosing a copy of the order and stating that she was "required by this notice and the attached Order to be present for the taking of her deposition." **Letter from Zeyland G. McKinney, Jr., dated September 4, 2008.** The USDA General Counsel responded with a letter requesting Plaintiffs to withdraw the notice of deposition, and stating that, if Plaintiffs refused to do so, Ms. Doster would be "directed to appear at the stated time and place, produce a copy of the cited regulations, and respectfully decline to offer any testimony." **Letter from Jay McWhirter, dated September 11, 2008,** *attached to*

---

[2] The Government alleges that neither Ms. Doster nor her employer was served with any motion to compel which would have prompted this order, and thus there was no opportunity to contest it. **Motion to Quash Subpoena***, supra,* **at 2-3.**

**Notice of Removal,** *supra*; *see also* **7 C.F.R. § 1.214(c) (directing that, in the event of a subpoena to which the USDA does not consent, employees should appear but decline to testify).** As Plaintiffs did not withdraw the deposition notice, Ms. Doster did indeed appear and refuse to testify, at which point the deposition concluded. **Motion to Quash,** *supra*, **at 3.** On September 17, 2008, the Government removed the matter of Ms. Doster's subpoena to this Court, and moved to quash both the subpoena and the state court order compelling testimony. **Notice of Removal,** *supra*; **Motion to Quash,** *supra*.

## II. ANALYSIS

It is well-settled that "a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." ***Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989).** There can be no dispute that the regulations involved in this case are valid, and that they empower the USDA to prohibit Ms. Doster from testifying in the underlying state action without exposing her to the risk of contempt. *See **United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-69 (1951) (seminal case upholding the validity of such regulations);**

*Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998) (holding that the district court lacks jurisdiction to enforce a subpoena issued in violation of federal regulations).

Nonetheless, the Court notes that the subpoena requests Ms. Doster's presence on August 22, 2008, and the state court order commands her to appear on September 12, 2008. **Subpoena,** *supra*; **Order Compelling Testimony,** *supra*. As both of these dates are long past, and there are no further outstanding subpoenas or orders which contravene *Touhy* and 7 C.F.R. § 1.214, the Court holds that the Government's motion is moot. Although the Government argues that "there is nothing of record in either the removed action or in the state court case to prevent Plaintiff's counsel from seeking further discovery in violation of the *Touhy* regulations," this Court is without power to speculate about, or pass judgment upon, future proceedings in the underlying state court action. **Reply to Response, filed October 6, 2008, at 1-2.**

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion to quash is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, inasmuch as this action is limited to the issue of the Government's motion, the action is hereby **DISMISSED**.

Signed: October 8, 2008

Lacy H. Thornburg
United States District Judge